IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 15-0461-M |
| | ) | |
| NANCY C. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This action is before the Court on the Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) filed by Byron A. Lassiter, counsel for Plaintiff Michael A. Roberts ("Plaintiff") (Doc. 29). The Defendant Commissioner of Social Security ("the Commissioner") has filed a response to the motion (Doc. 30). Upon consideration, the Court finds that the § 406(b) motion is due to be **GRANTED**.[1]

I.  **Background**

On September 22, 2015, Plaintiff, at all times represented by Mr. Lassiter, commenced this action for judicial review of an unfavorable final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1). In accordance with the Court's scheduling order (Doc. 5), the Commissioner filed her answer (Doc.

---

[1] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Docs. 19, 21).

12) to the complaint and the record of the administrative proceedings (Doc. 13), and the Plaintiff filed her brief identifying errors in the Commissioner's final decision (Doc. 15). In response to the Plaintiff's brief, the Commissioner filed her brief in support of the Final Decision (Doc. 16). Oral argument was waived (Docs. 18, 20) and on March 11, 2016, the undersigned entered a Memorandum Opinion and Order reversing the Commissioner's final decision, remanding this action to the Social Security Administration for further administrative proceedings (Doc. 22) and entering Judgment for the Plaintiff (Doc. 23).

Plaintiff subsequently filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[2] (Doc. 24), for time spent before this Court, which was granted on June 6, 2016, awarding the Plaintiff $3,163.44 in attorney's fees (Docs. 28, 29).

Following remand to the Social Security Administration (SSA), an Administrative Law Judge ("ALJ") issued a favorable decision for

---

[2]

> [S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

the Plaintiff on October 28, 2016 (Doc. 29, Paragraph 5.). A Notice of Award of past-due benefits was issued February 12, 2017, which also advised that $9,616.00, representing 25% of past due benefits, was being withheld in order to pay an approved lawyer's fee (Doc. 29-2). Mr. Lassiter has already been paid $6,000 for his services before the administration (Doc. 29-3) and he filed the present § 406(b) motion on June 2, 2017, requesting that the Court award him $3,616.00, the balance of the withheld fee (Doc. 29).

II. **Analysis**

> [U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[3]

---

[3] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

"42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

### a. *Timeliness*

"Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." *Id.* Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." The Notice of Award sent to Plaintiff is dated February 12, 2017 (Doc. 29-2) but it is unclear when Plaintiff received it. The Notice stated that Plaintiff had 60 days from the day after the notice was received to ask for an appeal and 5 additional days was allowed for receipt of the notice. In ordering remand, the Court did not set the time to file a § 406(b) motion (Doc. 22). Mr. Lasiter's 406(b) motion was filed June 7, 2017, less than four months after the date of the Notice of Award. Considering the history of this action and the successful result obtained by Mr. Lassiter for his client, the Motion is **DEEMED** timely filed.

### b. *Reasonableness*

In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S.

4

789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002).
Although § 406(b)(1)(A) gives district courts the power to
"determine and allow as part of its judgment a reasonable fee"
following a favorable claim for Social Security benefits, 42
U.S.C. § 406(b)(1)(A), it does not empower them to ignore the
fee agreements entered into by parties when determining what
a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807,
122 S. Ct. at 1828 (concluding that " § 406(b) does not displace
contingent-fee agreements as the primary means by which fees
are set"). Instead, courts must look to the agreement made
by the parties and independently review whether the resulting
fee is reasonable under the circumstances. *Id.* Accordingly,
[a court] must look to the fee agreement made by [a claimant]
and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

Section 406(b)(1)(A) "prohibits fee agreements from providing for a fee 'in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.' " *Id.* at 1285 (quoting 42 U.S.C. § 406(b)(1)(A)). However "the agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807).

In retaining Lassiter to represent him, the Plaintiff entered into an "Attorney Fee Agreement" (Doc. 29-4), in which the Plaintiff agreed to pay an attorney fee not to exceed 25% of the combined gross retroactive benefits from the Social Security and Supplemental Security Income resulting from a favorable award. The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A). However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls

5

> for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.
>
> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808—09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted).

As provided in the Plaintiff's Notice of Award, the SSA calculated $9,616.00 as representing 25% of the Plaintiff's recovered benefits. Neither Mr. Lassiter nor the Commissioner disputes that figure here. Mr. Lassiter has already received from the SSA a $6,000.00 fee for his services in representing the Plaintiff there, *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if

the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.").[4]

Moreover, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[ not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Id.* at 1274. Mr. Lassiter is holding for Plaintiff in the firm's trust account the sum of $2,055.48 (the EAJA fee awarded in the amount of $3,163.44 minus $1,107.48 which applied to a U.S. Department of Education debt) which sum will be paid to Plaintiff. Thus, the Court's duty now is to determine whether it is reasonable for him to receive $3,616.00 (i.e., 9,616.00 – $6,000.00) for his services to the Plaintiff in this Court under their contingency fee agreement.

Considering the amount of time Mr. Lassiter devoted to this case

---

[4] *Cf. Thomas*, 359 F. App'x at 971 ("The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b).").

7

(16.8 hours) and the services performed (Doc. 29-1), the Court finds that the benefits awarded to the Plaintiff are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. Mr. Lassiter obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that he has been responsible for any significant delay. For instance, his social security brief was timely filed, he never requested a deadline extension, and he consented to the undersigned's jurisdiction, thus allowing the undersigned to rule on this action rather than having to issue a recommendation to the district judge. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Mr. Lassiter to be awarded a fee of $3,616.00 under § 406(b).

## III. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Mr. Lassiter's motion for fees under 42 U.S.C. § 406(b) (Doc. 29) is **GRANTED** and that he is awarded a reasonable fee under § 406(b) in the sum of **$3,616.00.**

DONE this 9th day of June, 2017.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE